IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MARTIN L. BLACKWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 324-007 |
| | ) | |
| DR. YVONNE NEAU, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Wheeler Correctional Facility ("WCF") in Alamo, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.     SCREENING THE COMPLAINT**

    **A.     BACKGROUND**

In his complaint, Plaintiff names Dr. Yvonne Neau as the only Defendant. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff has Psoriasis. (Id. at 5.) While incarcerated at Washington State Prison from 2019 to 2022, Plaintiff received betamethasone dipropionate ointment and Benadryl for his skin issues, originally prescribed by Dr. Suter at Augusta State Medical Prison. (Id. at 5-6.) Sometime in late 2022 after he was transferred to WCF, Dr. Neau did not refill the ointment.

(Id. at 7.) Plaintiff filed a sick call, contending he needed the ointment. (Id.) On February 15, 2023, Dr. Neau discontinued use of the Benadryl and prescribed betamethasone dipropionate cream. (Id. at 8.) On February 27, and March 29, 2023, Plaintiff filed grievances asserting that he needed the ointment, not the cream, because the cream "does not work" for his skin issues. (Id.)

On April 26, 2023, Plaintiff was seen in medical as he was in pain due to scratching his inner thighs because his Psoriasis had spread. (Id. at 9.) Dr. Neau prescribed triamcinolone ointment. (Id. at 9-10.) In October and November 2023, Plaintiff requested he be seen by medical because the ointment was not working, his Psoriasis hurt from scratching, and he wanted Benadryl and the betamethasone ointment. (Id. at 10.) For relief, Plaintiff requests he be prescribed his requested medications and compensatory and punitive damages. (Id. at 11.)

**B.    DISCUSSION**

**1.    Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.  The Case Should Be Dismissed Because Plaintiff Failed to Truthfully Disclose His Prior Filing History

Here, pursuant to Federal Rule of Civil Procedure 11, Plaintiff disclosed only one of his prior federal cases. (Doc. no. 1, pp. 1-2.) However, the Court is aware Plaintiff previously had three other cases pending in federal court: Blackwell v. Gardner, No. 2021-STP-11663 (11th Cir. Oct. 12, 2021); Blackwell v. State of Georgia, No. 1:18-CV-04873 (N.D. Ga. Mar. 19, 2020); Blackwell v. Nash, No. 1:19-CV-01061 (N.D. Ga. May 23, 2019). Plaintiff commenced these cases before filing his complaint in the instant case, meaning he had every chance to fully disclose his prior filing history.

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Strickland v. United States, 739 F. App'x 587, 587-88 (11th Cir. 2018) (*per curiam*) (affirming dismissal of complaint based on failure to disclose eight habeas petitions filed in district court); Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12-CV-15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12-CV-15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

Indeed, "pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the court determines that the action is 'frivolous or malicious.'" Burrell v. Warden I, 857 F. App'x 624, 625 (11th Cir. 2021) (*per curiam*) (citing 28 U.S.C. § 1915(e)(2)(B)(i)). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." Id.  The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia.  See, e.g., Williamson v. Cnty. of Johnson, GA, CV 318-076, 2018 WL 6424776 (S.D. Ga. Nov. 5, 2018), *adopted by* 2018 WL 6413195 (S.D. Ga. Dec. 6, 2018); Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*).  Plaintiff's failure to disclose his prior cases discussed above was a blatantly dishonest representation of his prior litigation history, and this case is subject to dismissal without prejudice as a sanction for abusing the judicial process.

### 3.     **Plaintiff Fails to State a Valid Deliberate Medical Indifference Claim Against Defendant Dr. Neau**

Even if Plaintiff had truthfully disclosed his filing history, he nevertheless fails to state a valid medical deliberate indifference claim against Dr. Neau.  To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege: (1) he had a serious medical need— the objective component, (2) a defendant acted with deliberate indifference to that need—the subjective component, and (3) his injury was caused by a defendant's wrongful conduct.  Melton v. Abston, 841 F.3d 1207, 1220 (11th Cir. 2016) (*per curiam*).  To satisfy the objective component regarding a serious medical need, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily

recognize the necessity for a doctor's attention." Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007) (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). To satisfy the subjective component that a defendant was deliberately indifferent to his serious medical need, Plaintiff must allege that person: (1) was subjectively aware of a serious risk to Plaintiff's health, and (2) disregarded that risk by (3) following a course of action which constituted "more than mere negligence." Melton, 841 F.3d at 1223.

In addition, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). The Eighth Amendment does not mandate that the medical care provided to the prisoner be "perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999); Harris, 941 F.2d at 1505; see also Palazon v. Sec'y for Dep't of Corr., 361 F. App'x 88, 89 (11th Cir. 2010) (*per curiam*) (requiring more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law" to establish deliberate indifference claim). Medical treatment violates the Eighth Amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986).

Here, Plaintiff does not allege Dr. Neau has denied him medical care altogether, rather, Plaintiff is simply unhappy with the medication that she has prescribed to treat his skin conditions. Indeed, Plaintiff details numerous dates that he was seen by Dr. Neau in medical and prescribed various medications. Mere disagreement with a course of treatment prescribed by a physician does not constitute medical deliberate indifference. See Smith v. Fla. Dep't of Corr., 375 F. App'x

905, 910 (11th Cir. 2010).  For these reasons, Plaintiff fails to state a claim against Dr. Neau.

### 4. Plaintiff's Official Capacity Monetary Claims

Plaintiff is suing Dr. Neau in her individual and official capacity.  (Doc. no. 1, p. 1.) However, the Eleventh Amendment bars official capacity claims against state officials for monetary damages.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985).  Therefore, Plaintiff's official capacity claim against Dr. Neau for monetary relief fails as a matter of law.

## II. CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his filing history, and because he fails to state a claim upon which relief may be granted, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 24th day of May, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA